**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **CORNEY JOSEPH** | * | **CIVIL ACTION NO.** |
| | * | |
| **PLAINTIFF** | * | **SECTION** |
| | * | |
| **VERSUS** | * | **JUDGE** |
| | * | |
| **ALFONSO Q. MARTINEZ, LAM CARGO, LLC, and AEGIS SECURITY INSURANCE COMPANY** | * | **MAGISTRATE JUDGE** |
| | * | |
| | * | **A JURY TRIAL IS DEMANDED** |
| **DEFENDANTS** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**NOTICE OF REMOVAL**

TO:   The Honorable Judges
of the United States District Court
for the Middle District of Louisiana

Defendants Aegis Security Insurance Company ("Aegis") and Alfonso Martinez ("Mr. Martinez"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446, hereby file this Notice of Removal of the action entitled "*Corney Joseph v. Alfonso Q. Martinez, Lam Cargo, LLC, and Aegis Security Insurance Company*, Civil Docket No. C-722648, Sec. 26" on the docket of the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. In support of this Notice of Removal, Defendants Aegis and Mr. Martinez respectfully represent that:

**INTRODUCTION**

1.

This civil action is a matter over which this Court has original jurisdiction by virtue of 28 U.S.C. § 1332 and is one which may be removed to this Court by Aegis and Mr. Martinez under

the provisions of 28 U.S.C. § 1441(a). This civil action is among diverse parties who are citizens of different States, and Plaintiff's claims involve an amount in controversy that exceeds $75,000.00, exclusive of costs and interests.

2.

Plaintiff, Corney Joseph, commenced the above-captioned action on August 24, 2022, in the 19th Judicial District Court for the Parish of East Baton Rouge. *See* Exhibit A, Petition for Damages. Plaintiff's allegations stem from a September 13, 2021, motor vehicle accident at the intersection of Siegen Lane and Reiger Road in East Baton Rouge Parish. *Id.* at ¶¶ 2-3. Plaintiff alleges Defendant Alfonso Martinez was employed by Lam Cargo, LLC, thereby making Lam Cargo, LLC vicariously liable for the actions of Alfonso Martinez. *Id.* at ¶ 9. In addition to general damages, Plaintiff is seeking medical expenses, including, but not limited to, "diagnostic and treatment expenses, hospital charges, surgical costs, chiropractic treatment costs, prescription medication charges, rehabilitation and/or physical therapy charges, [and] related travel expenses." *Id.* at ¶¶ 7-8.

**COMPLIANCE WITH THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

3.

Plaintiff served Aegis through its registered agent for service of process on August 31, 2022. See Exhibit B, Proof of Service on Aegis. Mr. Martinez was served via the Louisiana Long Arm Statute. Exhibit C, Proof of Service on Mr. Martinez. Upon information and belief, citation or service have not been perfected upon Lam Cargo, LLC.

4.

Plaintiff's Petition for Damages did not specify his damages or other injuries with specificity. *Id.* Accordingly, the Petition for Damages did not affirmatively reveal on its face that Plaintiff is

seeking damages in excess of the minimum jurisdictional amount of the federal court. *See Mumfrey v. CVS Pharmacy, Inc.,* 719 F.3d 392, 400 (5th Cir. 2013). However, on September 22, 2022, Defendants received "other paper" from Plaintiff's counsel, making it "unequivocally clear and certain" that the subject case is removable and the potential damages exceed the jurisdictional requirement of $75,000.00. *See Darensburg v. NGM Ins. Co.*, 2014 WL 4072128, *2 (E.D. La. Aug. 13, 2014). Accordingly, this Notice of Removal is timely filed as it is being filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §§ 1446(b)(3).

5.

This removal is timely as it is being filed within 30 days after the receipt of "other paper" from Plaintiff to Defendants.

6.

The 19th Judicial District Court for the Parish of East Baton Rouge is located within the United States District Court for the Middle District of Louisiana. Therefore, venue is proper in the Middle District of Louisiana in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

7.

Pursuant to 28 U.S.C. §§ 1446(a) and 1447(b), a copy of all process, pleadings, and orders that comprise the state court record is attached as Exhibit D, State Court Record.

8.

Pursuant to 28 U.S.C. § 1446(d), undersigned counsel avers that contemporaneously with the filing hereof, Aegis and Mr. Martinez have given notice to all adverse parties whose identities

are known, and Defendants have filed a copy of this Notice of Removal with the Clerk of the State Court. Exhibit E, Notice to State Court and Adverse Party of Filing of Notice of Removal.

9.

Co-defendant Lam Cargo, LLC has not been served, and therefore consent to removal is not required at this time. 28 U.S.C. §§ 1446(b)(2)(A). Nevertheless, Lam Cargo, LLC will be represented by undersigned counsel once served, and would consent to this removal.

### **DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. § 1332**

10.

This Court has original jurisdiction over the instant dispute pursuant to 28 U.S.C. § 1332(a) because this is a civil action where (a) the parties in interest are citizens of different States and (b) the amount in controversy exceeds $75,000.00.

### **All Parties are Diverse**

11.

There is complete diversity of citizenship between the Plaintiff and the Defendants named in this matter. Plaintiff's Petition alleges that Corney Joseph is domiciled in East Baton Rouge Parish, Louisiana. *See* Exhibit A, Petition for Damages, at Preamble.

12.

Defendant Lam Cargo, LLC is a Texas Limited Liability Company with its principal place of business in the State of Texas, and its members are citizens of the State of Texas. *See* Exhibit "F," Texas Secretary of State Record. Therefore, Lam Cargo, LLC is considered a citizen of Texas and is diverse from the Louisiana Plaintiff.

13.

Defendant Alfonso Martinez is domiciled in the State of Texas. *See* Exhibit A at ¶ 1. Therefore, Defendant Martinez is considered a citizen of Texas and is diverse from the Louisiana Plaintiff.

14.

Defendant Aegis takes on the citizenship of its insured, Lam Cargo, LLC, for the purposes of determining diversity in a direct action lawsuit under 28 U.S.C. § 1332(c)(1)(A). Further, Aegis is a Pennsylvania corporation with its principal place of business in Harrisburg, Pennsylvania. *See* Exhibit G, Louisiana Department of Insurance Record for Aegis Security Insurance Company. Therefore, Aegis is considered a Texas and Pennsylvania citizen and is diverse from the Louisiana Plaintiff.

15.

For the foregoing reasons, Defendant submits that there is complete diversity between all parties, and this Court is vested with subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332.

**The Amount in Controversy Exceeds $75,000.00**

16.

Plaintiff's allegations stem from a motor vehicle accident that allegedly resulted in personal injury. In the Petition, Plaintiff alleges that he sustained personal injuries. He is seeking extensive general damages and special damages. See Exhibit A, Petition for Damages.

17.

Plaintiff's Petition does not state the amount in dispute. *Id.*

18.

"Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages…the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. The defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir.2000) (internal citations omitted).

19.

Based upon information provided by Plaintiff's counsel, Mr. Joseph has suffered alleged injuries to his neck and lower back. A post-accident cervical MRI showed disc herniations at C3-4 and C5-6. Exhibit H, Select Medical Records and Bills. A lumbar MRI showed a disc bulge at L4-5 and a herniation at L5-S1. *Id.* He has undergone chiropractic care and pain management treatment. *Id.* Specifically, he has undergone epidural steroid injections at C5-6 and L4-5. *Id.* Additionally, he has undergone a left-sided cervical medial branch block at C5, C6, C7, and T1 to determine if he is a candidate for rhizotomies. *Id.* The plaintiff's known medical expenses are $23,774.00. The plaintiff in *Giglio v. ANPAC Louisiana Ins. Co.,* 20-CA-209 (La.App. 5 Cir. 12/23/20), 309 S.3d 416 received a general damage award of $60,000 after undergoing conservative care for multiple cervical herniations and lumbar herniations. In *Thain v. Nationwide Ins. Co.,* 665,697 (19th JDC 02/25/21), the plaintiff received a general damage award of $70,000 after suffering herniated discs that required conservative care, and the plaintiff had a recommendation for epidural steroid injections at the time of trial. Lastly, in *Walker v. Old Republic Ins. Co.,* CA 21-366 (La.App. 3 Cir. 03/30/22), the plaintiff received $96,000 in general damages after undergoing one cervical and two lumbar epidural steroid injections.

20.

Based on the injuries allegedly sustained and the past and future medical expenses alleged, it is clear that Mr. Joseph's potential damages exceed the jurisdictional minimum of $75,000.00 under 28 U.S.C. §§ 1332(a).

21.

Plaintiff has not sought to limit his damages in any way. While Aegis and Mr. Martinez admit no liability nor causation for any element of damages, Aegis and Mr. Martinez have met their burden of showing that the amount in controversy exceeds the jurisdictional amount required for removal pursuant to 28 U.S.C. §§ 1332 and 1441. For the foregoing reasons, Aegis and Mr. Martinez submit that the amount in controversy reasonably exceeds $75,000.00, and this Court is vested with subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332.

## **CONCLUSION**

22.

For all the reasons outlined above, this civil action is a matter over which this Court has original jurisdiction by virtue of 28 U.S.C. § 1332 and is one which may be removed to this Court by Aegis and Mr. Martinez under the provisions of 28 U.S.C. §§ 1441(a). The parties have diverse citizenships, and the claims involve an amount in controversy that exceeds $75,000.00, exclusive of costs and interests.

23.

This removal is made with Aegis and Mr. Martinez reserving all rights to assert and plead any and all defenses to the claims presented by Plaintiff Corney Joseph.

24.

No previous application has been made for the relief requested herein.

25.

Aegis and Mr. Martinez are entitled to and request a jury trial on all issues so triable.

26.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

**WHEREFORE**, Defendants Aegis Security Insurance Company and Alfonso Martinez pray that the above action now pending in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, be removed to this Honorable Court and for a trial by jury of all issues of fact.

Respectfully submitted,

*/s/:  Heather N. Shockley*
**MICHAEL R. SISTRUNK**, **T.A**. (Bar No. 12111)
**HEATHER N. SHOCKLEY** (Bar No. 33296)
McCRANIE, SISTRUNK, ANZELMO,
  HARDY, McDANIEL, & WELCH, LLC
195 Greenbriar Boulevard, Suite 200
Covington, LA   70433
Telephone:     (504) 831-0946
Facsimile:      (800) 977-8810
Email: msistrunk@mcsalaw.com
Email: hmn@mcsalaw.com
***Attorneys for Defendants, Alfonso Martinez and Aegis Security Insurance Company***

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of October, I electronically filed the foregoing with the Clerk of Court for the Eastern District of Louisiana using the CM/ECF system and notice of this filing will be sent to all counsel of record either by depositing a copy of same in the United States mail, first class postage prepaid, or by e-mail or by facsimile transmission.

*/s/: Heather N. Shockley*
**HEATHER N. SHOCKLEY**